HOUSING AUTHORITY OF THE CITY OF LINCOLN, NEBRASKA, APPELLEE, V. EVELYN SCOTT WOLFE, APPELLANT.

324 N.W.2d 891

Filed October 8, 1982. No. 44406.

Robert G. Hays, for appellant.

John R. Doyle and Timothy J. Doyle, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

This is an action for restitution of premises brought by the plaintiff housing authority against the defendant. The District Court found that defendant's tenancy was duly terminated for good cause, involving threats to health and safety of others, and ordered restitution of the premises. The defendant has appealed.

The plaintiff, Housing Authority of the City of Lincoln, Nebraska, is a federally subsidized housing authority. In August 1977 the defendant, Evelyn Scott Wolfe, entered into a written residential lease agreement with the plaintiff to occupy the south half of a duplex in a housing complex which contained over 400 units operated by the plaintiff. The rental was $17.50 per month under a federally assisted low income housing program known as a "Section 23" pro-

gram. The month-to-month term of the lease was to be automatically renewed each successive month of lawful occupancy.

The lease contained the usual covenants and conditions to be fulfilled by the tenant, including a covenant "to conduct himself and cause other persons who are on the premises with his consent to conduct themselves in a manner which will not disturb his neighbors' peaceful enjoyment of their accommodations and will be conducive to maintaining the project in a decent, safe and sanitary condition; to refrain from illegal or other activity which impairs the physical or social environment of the project."

On November 26, 1980, plaintiff delivered to the defendant a notice to vacate the premises on December 31, 1980. The notice set out 25 separate incidents, which were listed as specific violations of the lease provisions constituting grounds for termination for cause. The defendant requested a grievance hearing, but plaintiff denied the request.

On January 8, 1981, plaintiff filed an action for restitution in the municipal court of the city of Lincoln, but that action was dismissed on January 29, 1981. On the same day plaintiff served a second notice of termination on the defendant, notifying her that the tenancy was terminated for cause based upon listed incidents which involved threats to the health and safety of others, and that she must vacate the premises by March 1, 1981. The January 29 notice set out 32 violations of the lease provisions, including the 25 shown on the first notice of termination. The notice also advised defendant that the housing authority deemed the grievance procedure inapplicable and that any request for grievance procedures would be denied.

The defendant thereafter requested a grievance hearing, which was denied. On March 3, 1981, the defendant sent a money order to the plaintiff for the March 1981 rent, which was returned by plaintiff.

Defendant continued to occupy the premises. On March 13, 1981, this action for forcible detainer and restitution of the premises was filed by the plaintiff in the District Court for Lancaster County, Nebraska, under the provisions of the Uniform Residential Landlord and Tenant Act, Neb. Rev. Stat. §§ 76-1401 et seq. (Reissue 1981).

At the trial in the District Court on March 27 and March 30, 1981, at which the defendant was represented by counsel, the evidence related largely to the 32 specific incidents listed in the notice of termination. All except one in January 1981 occurred during the calendar year 1980. Police department records established that there had been 64 contacts by police officers at the defendant's residence in 1980. The defendant's husband was removed from the premises by the police on many occasions for assault, including assaults on the defendant, her family, police officers, and other persons. At least one person was hospitalized after such an assault.

Numerous neighbors testified as to instances when the defendant's husband assaulted and threatened to beat up neighbors and used violent language and gestures in the presence of children. Various witnesses testified that the defendant's husband and other persons invited or permitted on the premises by defendant were frequently intoxicated, noisy, unruly, and involved in various disturbances. Many neighbors expressed fear of exposing themselves and their children to the persons on the defendant's premises. There was testimony on behalf of the housing authority that it was also concerned for the health and safety of its maintenance personnel because of assaults and abuse. Maintenance personnel had responded to 25 service calls during 1980 at the defendant's residence, mostly because of breakage.

The defendant admitted that there had been drinking on the premises by her husband and other adults

involved in some of the disturbances, and that her neighbors had called the police approximately 35 times. She also testified that her husband had been arrested on the premises on January 17, 1981, for assault and disturbing the peace and that he was incarcerated at the time of trial. Other witnesses for the defendant simply testified that they had never witnessed the defendant's husband strike or threaten any person, although they conceded they had witnessed the police at the defendant's residence on numerous occasions.

The District Court took the matter under advisement, briefs were filed, and on June 5, 1981, the District Court found that the defendant's tenancy was terminated for good cause; that the defendant had created and maintained a threat to the health and safety of other persons by making the leased premises available to her husband and other persons who had demonstrated violent, assaultive behavior and frequent intoxication on the leased premises; and that other persons in close proximity to the defendant's premises also were endangered by the activities. The court also found that the acceptance of rent by the plaintiff for the months of December 1980 and January and February 1981 did not waive its right to terminate defendant's lease on March 1, 1981. The court further found that the defendant was not entitled to a grievance hearing under the lease or applicable regulations and statutes, and that the refusal to grant such a hearing was authorized and proper. The court therefore ordered the leased premises restored to the plaintiff. The defendant has appealed.

The defendant contends that she was entitled to a grievance hearing before the housing authority before any action for eviction could be brought in any court, and argues indirectly that the evidence of the actions and conduct which occurred on the premises leased by the defendant did not constitute a threat to

the health or safety of other persons sufficient to justify the denial of a grievance hearing. We disagree.

Procedures authorized by the Uniform Residential Landlord and Tenant Act, §§ 76-1401 et seq., provide a public housing tenant with all the required elements of due process prior to eviction or termination of tenancy, and a public housing tenant is not entitled to a prior grievance procedure where the eviction or termination of tenancy is based upon the tenant's creation or maintenance of a threat to the health or safety of other tenants or public housing authority employees. See, *Spence v. Reeder,* 416 N.E.2d 914 (Mass. 1981); *Housing Auth. of City of Hartford v. McKenzie,* 36 Conn. Supp. 515, 412 A.2d 1143 (1979); 24 C.F.R. §§ 866.51(a) and 866.53(c) (1982).

In the present case the evidence is overwhelming that the defendant created and maintained a threat to the physical and mental health and safety of other tenants, employees, and persons in the area, and that the defendant was accorded every element of constitutional, statutory, and regulatory due process. The determination of the trial court that the defendant was not entitled to a grievance hearing prior to the filing of this court action for restitution was clearly correct.

The remaining assignments of error by the defendant are groundless and without merit. In an attempt to protect the legal rights of the defendant, counsel has ignored the legal right of other tenants and the plaintiff to be protected against the sort of conduct which is reflected in this record. The appeal is frivolous.

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., participating on briefs.